STATE, PATRICK O'SHAUGHNESSY, PROSECUTOR, v. JOHN McLORINAN.

1. In proceedings under section 5 of the act concerning disorderly persons, (*Rev.*, p. 305,) and the subsequent sections relating to the same subject, the justice, or the Sessions, on appeal, must first decide, either by their own determination or the verdict of a jury, (when demanded,) whether the person charged is guilty of the matter charged in the complaint of the overseer. Unless such determination appears, there is no power to adjudge him a disorderly person or to direct him to pay money for the support of his family.

2. By section 5, a person is declared to be disorderly when he either deserts, or willfully refuses or neglects to provide for his family. Where the complaint is for willful refusal or neglect to provide, a verdict or finding that the person is a disorderly person under the provisions of the act, or under the fifth section, is not sufficient.

O'Shaughnessy v. McLorinan.

3. An adjudication that defendant is a disorderly person must follow the verdict or finding, and is requisite before an order for the payment of money for the support of the family can be made.

On *certiorari* to remove proceedings under the disorderly persons act.

Argued at February Term, 1881, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *J. Frank Fort*.

For the defendant, *Henry Young*.

The opinion of the court was delivered by

MAGIE, J. The proceedings brought here by this writ were commenced before a justice of the peace of the county of Essex, by the defendant, McLorinan, who was the overseer of the poor of the city of Newark. The object of the proceedings was to enforce upon prosecutor the provisions of the fifth section of the act concerning disorderly persons, (*Rev., p.* 305,) and the subsequent sections thereof relating to the same subject. The justice before whom the proceedings were taken, upon the verdict of a jury, made an order requiring prosecutor to pay a weekly sum for the support of his wife. An appeal was taken by prosecutor to the Essex Sessions, and thereupon, after hearing, another order was made by that court to the same effect. All these proceedings have been brought here by this writ.

Under the third and fourth of the reasons filed, the prosecutor insists that the order made by the Sessions upon this appeal is erroneous, and ought to be reversed. The power of the Sessions upon such an appeal is derived from the provisions of the sixteenth section of the act. That power is to try the appeal, and "to make such adjudication and order thereon as is herein provided in case of such trial before said justice." This refers us to the fifth, thirteenth, fourteenth

and fifteenth sections, which provide for the proceedings before the justice. By these sections, the course of the proceedings is as follows : They are commenced by a complaint, on oath, by the overseer of the poor of the township or city in which the person complained against resides, setting out the particulars mentioned in the fifth section. Any justice of the peace, on receiving such a complaint, is required to issue a warrant for the apprehension of the person complained of. Upon his apprehension, a day for the "investigation of the complaint" is to be fixed. On that day the complaint is to be investigated, and the justice—or a jury, if one is demanded— is to determine whether the person complained of is guilty or not guilty. The manifest meaning is that the determination is to be in respect to the guilt or innocence of the charges contained in the complaint. If the determination is that he is guilty, the justice "shall judge him to be a disorderly person ; and in lieu of the penalties now prescribed for disorderly persons, such justice may make an order requiring such person to pay such sum weekly to said overseer, for the support and maintenance of his family," &c.

Comparing these sections, it is manifest that the first duty of the Sessions, upon the trial of such an appeal, is to determine whether the defendant in the appeal is guilty or not guilty of the matters charged upon him in the complaint. This determination may be made by a jury, if one is demanded ; otherwise by the court. If the result is that the defendant is found guilty, the court may proceed to judge him to be a disorderly person, and to make an order requiring him to pay a certain sum to the overseer for the support of his family.

The offence for which a complaint may be made under the fifth section may be, either a desertion of a wife or other family, or a wilful refusal or neglect to provide for and maintain a wife or other family.

In the case now before us, it sufficiently appears that the complaint against prosecutor was for his wilful refusal and neglect to provide for his wife. The inquiry of the Sessions

should have been whether he was guilty or not guilty of that charge. Instead of that, their finding was that prosecutor was "guilty of being a disorderly person, under the provisions of the act concerning disorderly persons hereinbefore referred to." Thereupon they adjudged him a disorderly person, and ordered him to make weekly payments for his wife's maintenance. I am unable to perceive how that order could be sustained upon the finding of the court. The power to make such an order depended upon a prior determination that prosecutor was guilty of wilfully refusing and neglecting to provide for his wife, as charged in the complaint. It is insisted that the finding was equivalent to such a determination. It is true that, by the provisions of the fifth section, one who refuses or neglects to provide for his family is declared to be a disorderly person. But other sections of the act declare that persons guilty of various other offences, are disorderly persons. A finding, therefore, that prosecutor was guilty of being a disorderly person, under the provisions of the act, is indefinite. It is consistent with his entire innocence of the charge contained in the complaint.

But it is further urged that the court below intended by this finding that prosecutor was a disorderly person within the provisions of the fifth section of the act, and that such a finding is equivalent to a determination that prosecutor was guilty of the charge in the complaint. The grammatical connection of the language does not permit us to give it that meaning. But if that is its meaning, I am still of the opinion the finding is insufficient. By the fifth section, one who deserts is a disorderly person equally with one who refuses or neglects to provide for his family. Now, while desertion may, within the spirit of this act, include a wilful refusal or neglect to provide, the latter does not necessarily include the former. And where the act places a person under a penalty when guilty of either of two enumerated offences, he is entitled, if charged with one of those offences, to a distinct finding as to his guilt or innocence thereof.

The finding of the court was not a determination of the

question submitted to them, either in terms or within the meaning of the act. There was, therefore, no power in the Sessions to make the order, and it must be reversed.

The order of the justice of the peace is also incapable of being sustained. After the verdict of a jury that prosecutor was guilty of the offence charged in the complaint, the justice immediately proceeded to make an order for the payment by prosecutor of a weekly sum for his wife's support. By the fourteenth section, he ought to have first adjudged prosecutor to be a disorderly person. There is no reason, that I am able to perceive, for such a requirement; but that the statute does require it, is incontrovertible. We cannot alter or restrict it, and the order of the justice is therefore defective, and must be reversed.

The prosecutor insisted that no complaint had been made by the overseer, as required by the fifth section. It is true that no such complaint is found among the papers. The warrant, however, recites that such a complaint was made; and the return of the Sessions to a rule of this court, made on a suggestion of diminution, and the evidence taken for the hearing, convince us that there was a regular complaint before the justice, which was sent to the Sessions with the appeal, was before that court when the case was considered, and has since been lost. We have dealt with the case as if the complaint was before us containing the matters certified in the return of the Sessions.